## KONYHA v. WARADY

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 9020. Decided May 7, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**ATTORNEY AND CLIENT**

(40 C2) A woman settling with the claim adjuster of a railroad company and informing, in writing, an attorney with whom previously she had contracted to secure damages for her, that she had settled with the company and directing him to cancel the paper (contract for attorney services) justifies an inference of the trial court that the settlement was brought about by the attorney's negotiations with the railroad.

Error to Municipal Court.
Judgment affirmed.

W. N. Briggs, Cleveland, for Konyha.
Frank W. Warady, Cleveland, for Warady.

STATEMENT OF FACTS.

The defendant in error who is an attorney, entered suit against plaintiff in error, under a contract of employment, and recovered the sum of $333.33 which represented the amount to which the contract entitled him.

It seems that the parties entered into a contract whereby defendant in error was employed as an attorney and which contract contained the provision that for his compensation, the attorney was to receive one-third of the amount received as damages from the Pennsylvania Railroad Co. That after the agreement was signed, the case was settled direct by the railroad company with plaintiff in error for $1000.00.

The plaintiff in error testified on cross-examination that at the time she signed the contract to employ the attorney she did not know what she was signing and that she told the man who came there for the attorney, that she had agreed upon a settlement with the railroad company. That the man or men who came to see her in behalf of the attorney, in order to induce her to sign this paper, misrepresented to her that they were from the railroad company.

LEVINE, J.

It appears that at the time the contract was signed, Mary Konyha was not alone. Her daughter was there, also her husband. The evidence given by both daughter and husband of plaintiff in error, leads to but one reasonable conclusion, namely, that the settlement was not agreed upon between Mary Konyha and the railroad company, at the time the contract was signed, but that the matter was in process of negotiation with the claim adjuster of the railroad. An exhibit attached to the record which is a letter signed by plaintiff in error forwarded to the attorney, and bearing date of August 12, 1927, informed him that she had received her check for $1000.00 and that she desired to have him "cancel the paper." The letter is couched in careful legal phraseology and was written on the same day when the claim adjuster brought the check to plaintiff in error. It is not beyond reasonable hypothesis to infer that the claim adjuster assisted her in the writing of that letter to the attorney, and that the matter of a contract with the attorney was discussed. If it be true that she did not know what paper she signed, why did she urge in her letter, that the attorney cancel the paper? The attorney, on the other hand, stoutly maintains that there was no misrepresentation. That he sent his man to her place at her solicitation and that the contract was signed with the full and clear understanding between them as to what the terms were. That immediately upon the signing of the contract he mailed a letter to the Pennsylvania Railroad Co., informing them that he was employed as attorney for plaintiff in error.

It is quite a coincidence that within a day after the letter was mailed by the attorney to the railroad company, the claim adjuster brought to plaintiff in error a check for $1000.

We are of the opinion that the trial court was justified in inferring that while there were negotiations between the railroad company and plaintiff in error, directly looking toward a settlement, and while there was a conference between them on August 3rd, that after waiting a week she tired of waiting, and therefore decided to employ an attorney. That after the contract of employment was signed, and after the attorney had notified the railroad company of the fact that he was so employed, that the claim adjuster, in order to forestall any action by the attorney, settled the claim behind his back and without his knowledge or consent.

We cannot agree with the view of counsel for plaintiff in error, condemning the action of the attorney. Plaintiff in error tells an unreasonable story in view of all the events surrounding this transaction. As far as we know, the attorney conducted himself in a proper manner, and that he has just ground for complaint. In theory at least, attorneys are regarded as officers of the court, and subject to its discipline. Care, therefore, must be exercised not to condemn the action of attorneys, unless the proof clearly justifies it.

It is said that the laborer is worthy of his hire, and we see no reason why an attorney should be excepted from this beneficent protection accorded to all those who labor.

We see no reason for disturbing the judgment of the Municipal Court. Judgment will therefore be affirmed.

(Sullivan, P.J. and Levine, J., concur.)

(Vickery, J., dissents.)